IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES LEGGETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0812 |
| | § | |
| UNITED STATES ATTORNEY GENERAL, | § | |
| | § | |
| Defendant. | § | |

**ORDER OF DISMISSAL**

On March 2, 2009, plaintiff filed a one-page *pro se* complaint against the United States Attorney General's Office (Docket Entry No. 1), a "brief" in support of the complaint (Docket Entry No. 2), and a request for compensation (Docket Entry No. 3). Construed together, these pleadings seek damages for plaintiff's alleged false imprisonment and false criminal charges brought against him in Criminal Action No. 4:08-cr-179 (S.D. Tex.) (the "FEMA Case").[1]

Based on the Court's review of the pleadings, matters of record, and the applicable law, this lawsuit is DISMISSED WITH PREJUDICE for the reasons that follow.

*Background*

Records in the FEMA Case show that on or about March 31, 2008, plaintiff was indicted under 18 U.S.C. § 287 for bringing a false claim against the Federal Emergency

---

[1] Although plaintiff names only the United States Attorney General as defendant, a liberal construction of his pleadings shows that his allegations extend to other parties and entities.

Management Agency (FEMA) for property damages purportedly sustained in Hurricane Rita. He further was indicted under 18 U.S.C. § 641 for theft of government property in falsely obtaining disaster housing assistance funded by FEMA under the false FEMA claims. Plaintiff was arrested and detained in pretrial custody under the indictment.

Plaintiff filed the instant lawsuit during pendency of the FEMA Case, complaining that the charges against him were false and that his pretrial detention constituted false imprisonment. Because plaintiff had not paid the filing fee or requested leave to proceed *in forma pauperis*, the Court ordered him on May 15, 2009, to pay the filing fee or file a properly-supported inmate application to proceed *in forma pauperis*. On June 12, 2009, plaintiff notified the Court that he had been released on pretrial bond and needed additional time to pay the filing fee. The Court granted the motion and ordered the filing fee paid by July 17, 2009.

Plaintiff made no arrangements to pay the fee, and on August 18, 2009, the Court ordered plaintiff to show cause, by August 31, 2009, why the case should not be dismissed for his failure to pay the filing fee. On August 31, 2009, plaintiff filed a "Motion to Grant Civil Suit Against United States Attorney General for False Imprisonment and Accusations," again raising his complaints for false criminal charges and false imprisonment. (Docket Entry No. 13.) In lieu of payment of the filing fee, plaintiff informed the Court that,

> [I]f your so worried about the filing fee, I will send it to the appeals court which a papers is filed and the court does not ask for a filing fee. The Defendant will pay the filing fee because the plaintiff should not have had to file a suit against the government but it looks like several and the case has

2

> gone to the President's office and chief of staff Rahm Emmanuel. . . . Do as you may but if you dismiss the case it will go to the appeals court and the appeals court will grant the law suit.

(Docket Entry No. 13, p. 2.) To-date, the filing fee has not been paid.

Records in the FEMA Case show that plaintiff pleaded guilty to the false FEMA claim charges and, on August 31, 2009, was sentenced under those charges.

*Analysis*

When a prisoner sues an officer or employee of a governmental entity, the Court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the Court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

Plaintiff's latest pleading clearly evinces his intent to not pay the filing fee in this case. (Docket Entry No. 13.) Accordingly, this case is subject to dismissal without prejudice for failure to pay the filing fee. However, the Court also notes that, because plaintiff's claims, if successful, would call into question the validity of his underlying conviction in the

3

FEMA Case, his instant claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). It is well settled under *Heck* that, when a defendant claimant brings a civil rights action against the officials or entities involved in his criminal prosecution, the district court must first consider whether a judgment in favor of the claimant would necessarily imply the invalidity of the underlying criminal conviction. If so, as here, the claim is barred unless the claimant proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Neither plaintiff nor records in the FEMA Case or other public records show that plaintiff meets the *Heck* requirements for pursuing this lawsuit. Accordingly, this case is subject to dismissal with prejudice for failure to state a claim unless, and until, plaintiff satisfies the bar imposed by *Heck*.

*Conclusion*

This case is DISMISSED WITH PREJUDICE for failure to state a claim. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on September 10, 2009.

_____
Gray H. Miller
United States District Judge